JOHN D. TRAN, ESQ. (State Bar No. 231761)
ROSALIND T. ONG, ESQ. (State Bar No. 234326)
**RHEMA LAW GROUP P.C.**
1 PARK PLAZA, 6ᵗʰ FLOOR
IRVINE, CA 92614
EMAIL:      JDT@RHEMALAW.COM
EMAIL:      RTO@RHEMALAW.COM

TELEPHONE:  (949) 852-4430
FAX:              (866) 929-3519

Attorneys for Plaintiff Lion Credit Card, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION CREDIT CARD, INC., a California Corporation <br><br> Plaintiff, <br><br> v. <br><br> UPGRAVING, LLC, a Florida Limited Liability Company; Rachel Zilbert, an individual, Maria Isabel Calderon Suarez, an individual, and Matan Siordia, an individual <br><br> Defendants. | **Case No.** <br><br> **COMPLAINT FOR INJUNCTION AND DAMAGES FOR:** <br><br> **1.  PATENT INFRINGEMENT** <br><br> **2.  FEDERAL UNFAIR COMPETITION [LANHAM ACT]** <br><br> **3.  VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200 ET. SEQ. AND 17500** <br><br> **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT
INFRINGEMENT ETC.

Plaintiff LION CREDIT CARD (hereinafter "LION") hereby complains against Defendant UPGRAVING, LLC (hereinafter "UPGRAVING"), Defendant Rachel Zilbert ("ZILBERT"),  Defendant Maria Isabel Calderon ("CALDERON"), and Matan Siordia ("SIORDIA"), hereby collectively as "DEFENDANTS, "as follows:

## THE PARTIES

1.      LION is a California corporation with its principal place of business located in 1630 Oakland Rd., San Jose CA 95131.

2.      Upon information and belief, UPGRAVING is a Florida limited liability company with its principal place of business address of 1060 Brickell Ave., Suite M, Miami FL 33131.  UPGRAVING makes, imports, advertises, offers to sell, and/or sells within the United States, including in the State of California and this judicial district, infringing products & processes  incorporating LION's patented product, method, and/or process.

3.      Upon information and belief ZILBERT is a managing member of UPGRAVING, with the title of President as listed in the Secretary of State of Florida.

4.      Upon information and belief CALDERON is a managing member of UPGRAVING, with the title of President as listed in the Secretary of State of Florida.

5.      Upon information and belief SIORDIA is a managing member of UPGRAVING, with the title of President as listed in the Secretary of State of Florida.

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT INFRINGEMENT ETC.

## JURISDICTION AND VENUE

6.      This action is for patent infringement, under Title 35, United States Code, unfair competition under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and claims for unfair competition under California statutory law. This Court has jurisdiction over LION'S federal claims pursuant to 28 U.S.C. §§1331 and 1338(a) and (b). This Court has jurisdiction over LION'S related claims based on state law pursuant to 28 U.S.C. § 1367.

7.      LION seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

8.      This Court has jurisdiction over LION'S related claims based on state law pursuant to 28 U.S.C. § 1367.

9.      This Court has personal jurisdiction over DEFENDANTS because, among other things, DEFENDANTS are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and DEFENDANTS have caused injury to LION and their intellectual property within the State of California and in this judicial district.

10.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and/or 1400 (a) and 1400(b) because it is the judicial district in which LION resides and maintains a principal place of business and where DEFENDANTS have committed acts of infringement and substantial part of the events giving rise to the claims at issue arise in this district.

## GENERAL ALLEGATIONS

11.     LION operates a very successful business in the metal credit card customization industry and has pioneered a product, method and process that allows the transfer of an EMV chip from a traditional plastic credit card to a metal credit card, while still maintaining the same credit card functionality and

processing abilities.  LION's metal credit cards can then be customized in a variety of different types of metals, and designs.  Due to its inventive advancements and improvements, LION has been awarded several patents on its EMV chip transfer onto a metal credit card customization product/process.

12.     In particular, LION is the assignee and owner of all rights, title and interest in U.S. Utility Patent Registration No. 11,562,194 (the "'194 patent"), entitled "Methods for Placing an EMV Chip Onto a Metal Card."  The '194 patent was duly and legally issued on January 24, 2023, by the United States Patent and Trademark Office. A true and correct copy of '194 patent is attached as **Exhibit "A."**  LION has retained all rights to enforce the '194 patent.  LION marks its products & processes covered by the '194 patent.

13.     DEFENDANTS do not have a license, permission or authority to use the invention disclosed in the '194 patent and has never have had a license, permission, or authority to use invention disclosed in the '194 patent. DEFENDANTS unfairly competes with LION by improperly using LION'S patented technology without just compensation.

14.     DEFENDANTS make, use, advertise, sell, and/or distribute a product & process that infringes at least claims 1, 17 & 18 of the '194 patent.

15.     DEFENDANTS have had actual notice of the subject matter invention disclosed in the '194 patent since at least as early as January 26, 2024, resulting from a cease and desist letter LION sent to UPGRAVING.   A true and correct copy of the January 26, 2024 cease and desist letter is attached as **Exhibit "B."**

### PIERCING CORPORATE VEIL & ALTER-EGO ALLEGATIONS

16.     Upon information and belief, UPGRAVING has not adhered to proper corporate and/or limited liability company formalities including but not limited to: failing to hold annual meetings, failing to keep accurate and detailed minutes of

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT
INFRINGEMENT ETC.

meetings, failing to adopt company bylaws; commingling of funds, and failing to ensure officers or members adhered to the bylaws.  In view of this, UPGRAVING'S limited liability/corporate protection veil should be pierced.

17.     Upon information and belief, ZILBERT, CALDERON, and SIORDIA are the owners and managing members of UPGRAVING, and is in complete control of UPGRAVING.  LION is informed and believes that under ZILBERT, CALDERON, and SIORDIA'S guidance and direction, UPGRAVING makes, imports, advertises, offers to sell, and/or sells within the United States, including in the State of California and this judicial district, infringing products, methods, and processes that incorporate LION'S patented technology disclosed in the '194 patent and thus unfairly competes with LION.  In particular, ZILBERT, CALDERON, and SIORDIA personally oversee the intentional infringement of LION'S '194 patent, with the manufacture, sale, use and/or distribution of its infringing products, processes and methods.  ZILBERT, CALDERON, and SIORDIA did so with wanton and reckless behavior to willfully infringe LION'S '194 patent.  In view of this, ZILBERT, CALDERON, and SIORDIA is also personally liable for their participation and is merely an alter ego of UPGRAVING.

## **FIRST CAUSE OF ACTION**
### **AGAINST ALL DEFENDANTS**
### **(PATENT INFRINGEMENT)**

18.     LION incorporates by reference the paragraphs above as if set forth herein.

19.     The '194 patent is valid and enforceable.

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT
INFRINGEMENT ETC.

20.     LION is the owner, by assignment from the inventor, of all right, title and interest in and to the '194 patent.

21.     DEFENDANTS manufacture, use, advertise, offer for sale, and/or distribute of an infringing product, method, process on its website which incorporates the patented technology in the '194 patent without permission, authority or consent by LION.

22.     Below is a representative screenshot taken from DEFENDANTS' website at CUSTOMIZE YOUR OWN METAL CREDIT CARD - Upgraving



23.     DEFENDANTS' infringing activities provide for a product, method, and process that transfers an EMV chip from a plastic credit card onto a metal credit card that can be customized in a variety of styles and designs. DEFENDANTS' infringing product, method, and process infringes at least claim 1, 17 and 18 of LION's '194 patent.

24.     DEFENDANTS had actual or constructive knowledge of LION's '194 patent rights, at least as of January 26, 2024, knew or should have known that their manufacture, use, and sale of its infringing product, method and process would result in actual infringement, and/or acted with deliberate indifference to LION'S patented rights because, inter alia, LION informed DEFENDANTS of the infringement.

25.     DEFENDANTS have infringed and continue to infringe on the '194 patent by direct infringement, contributory infringement, and/or inducing others to infringe in violation of 35 U.S.C. §§ 271 and 289, through the manufacture, use, and sale of its infringing products, method and processes.

26.     As a direct result of DEFENDANTS' infringement, LION has suffered, and will continue to suffer, damages, irreparable harm, and impairment of the value of its rights in the '194 patent.

27.     LION is entitled to enjoin DEFENDANTS' infringing acts and to recover from it the damages sustained by LION as a result of DEFENDANTS' infringement and/or DEFENDANTS' total profits as a result of its infringement, in an amount to be proven at trial.

## **SECOND CAUSE OF ACTION**

### **AGAINST ALL DEFENDANTS**

### **(FEDERAL UNFAIR COMPETITION- 15 U.S.C. § 1125)**

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT INFRINGEMENT ETC.

28.     LION incorporates by reference the paragraphs above as if set forth herein.

29.     DEFENDANTS have manufactured, used, and sold its above referenced infringing products & services to unfairly compete with LION.

30.     DEFENDANTS' metal credit card customization products & services are directly infringing LION'S '194 patent and the infringement was intentional in an effort to profit & palm off from LION'S commercial success, good will, and business reputation.

31.     These actions violate section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

32.     These actions are also likely to deceive customers regarding the origins of the DEFENDANTS' infringing metal credit card customization products and/or services and the connection, affiliation and/or sponsorship of DEFENDANTS' infringing products/services with LION.

33.     As a direct and proximate result of the willful acts and conduct of DEFENDANTS, LION has been harmed and has suffered financial losses. Because DEFENDANTS' infringing products/services compete directly with LION'S products/services protected and covered by the '194 patent, it has resulted in LION'S loss of sales of its metal credit card customization product/services line, price erosion in the marketplace for metal credit card customization products/services, and/or damages to LION'S business reputation from false customer belief that LION is associated with DEFENDANTS' infringing products/services.

34.     As a direct and proximate result of the willful acts and conduct of DEFENDANTS, LION has therefore been injured and will continue to suffer irreparable injury to its business and reputation unless DEFENDANTS are

restrained by the Court from continuing such unlawful and unfair business practices and acts of unfair competition.

35.    DEFENDANTS' acts have caused damage to LION, including incidental and general damages, lost profits, and out-of-pocket expenses. DEFENDANTS should therefore be required to disgorge its profits and pay LION's lost profits as a result of DEFENDANTS' sales of infringing goods and other expenses as may be incurred by LION.

36.    Pursuant to 15 U.S.C. § 1125, LION is entitled to enjoin these practices.

## THIRD CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### (CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 et seq. and 17500)

37.    LION incorporates by reference the paragraphs above as if set forth herein.

38.    DEFENDANTS have sold, advertised, offered for sale, and/or facilitated the sale of its infringing metal credit card customization products & services  in the State of California through its website and social media accounts.

39.    DEFENDANTS' metal credit card customization products & services are directly infringing LION'S '194 patent and the infringement was intentional in an effort to profit from LION'S commercial success, good will, and business reputation.

40.    These actions violate section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a), and therefore constitute unlawful conduct within the meaning of California Business & Professions Code § 17200.

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT INFRINGEMENT ETC.

41.     These actions are also likely to deceive customers regarding the origins of the DEFENDANTS' infringing metal credit card customization products and/or services and the connection, affiliation and/or sponsorship of DEFENDANTS' infringing products/services with LION, and therefore constitute fraudulent business practices within the meaning of California Business & Professions Code § 17200.

42.     As a direct and proximate result of the willful acts and conduct of DEFENDANTS, LION has therefore been injured and will continue to suffer irreparable injury to its business and reputation unless DEFENDANTS are restrained by the Court from continuing such unlawful and unfair business practices and acts of unfair competition.

43.     DEFENDANTS' acts have caused damage to LION, including incidental and general damages, lost profits, and out-of-pocket expenses. DEFENDANTS should therefore be required to disgorge and restore to LION all profits and other expenses as may be incurred by LION.

44.     Pursuant to California Business & Professions Code § 17203, LION is entitled to enjoin these practices.

## **PRAYER FOR RELIEF**

WHEREFORE, LION prays for the following relief:

1.     That judgment be entered in favor of LION that the '194 patent is valid and enforceable, and that DEFENDANTS have and are infringing the '194 patent.

2.     An award of damages for infringement of the '194 patent, together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of DEFENDANTS' infringement, as provided by 35 U.S.C. § 284; and/or 35 U.S.C. § 289.   - 10 -

3.      That preliminary and permanent injunctions be issued pursuant to 35 U.S.C. § 283 enjoining DEFENDANTS, its officers, agents, servants, employees, and all other persons acting in concert or participation with it from further infringement of the '194 patent;

4.      That preliminary and permanent injunctions be issued prohibiting DEFENDANTS, its officers, agents, servants, employees, and all other persons acting in concert or participation with it from further infringement of the '194 patent;

5.      That a preliminary and permanent injunction be issued pursuant to California Business & Professions Code § 17203 enjoining DEFENDANTS, its officers, agents, servants, and employees, and all other persons acting in concert or participation with it, from engaging in the identified (and any other) acts of unfair competition underlying California Business & Professions Code § 17200;

6.      That LION be awarded all compensatory, enhanced, special, and other damages, with prejudgment interest, that it is entitled to under the patent statutes, copyright statutes, and Lanham Act according to proof at trial;

7.      For an accounting of, and the imposition of constructive trust with respect to, DEFENDANTS' profits attributable to their infringement of LION'S '194 patent;

8.      That the Court grant LION restitution from DEFENDANTS by disgorgement of all profits earned through DEFENDANTS' conduct;

9.      For restitution of any money or property DEFENDANTS wrongfully obtained, pursuant Business and Professions Code section 17203;

10.     An award of LION'S attorneys' fees pursuant to 35 U.S.C. § 285 in that this is an exceptional case.

- 11 -

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT INFRINGEMENT ETC.

11.     That LION recover from DEFENDANTS attorneys' fees, costs and disbursements relating to this action because this is an "exceptional" case pursuant to the Lanham Act;

12.     That LION be awarded attorneys' fees and costs against DEFENDANTS under California Business & Professions Code § 17200; and

13.     That any monetary award include pre- and post-judgment interest at the highest rate allowed by law;

14.     That LION be awarded such further relief as the Court deems just and proper.

DATED:  July 29, 2024                    **RHEMA LAW GROUP P.C.**


By:  _JOHN TRAN_

JOHN D. TRAN
Attorneys for Plaintiff
LION CREDIT CARD, INC.

- 12 -

COMPLAINT FOR INJUNCTION AND DAMAGES FOR PATENT
INFRINGEMENT ETC.